**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| BLESSING PROPERTY GROUP, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION No. _____ |
| JEFFREY R. GRANT, BENJAMIN M. HELMS, QIN MENG, SOUTHERN CONSULTING SERVICES, INC., GOLDEN EAGLE CAPITAL INVESTMENTS, LLC, AND BUTTS 1177, LLC | |
| Defendants. | |

**VERIFIED COMPLAINT FOR GENERAL CIVIL**

Blessing Property Group, LLC, a Georgia limited liability company (hereinafter "BLESSING" or "Plaintiff"), by and through its undersigned counsel, files this Verified Complaint against the above-named Defendants, and shows the Court as follows:

**PARTIES**

1.     BLESSING is a Limited Liability Company that is registered to do business in Georgia, with a principal office address at 2505 Eastern Blvd, Montgomery, AL, 36117,

-1-

2.    Kam Lee is the sole owner and manager of BLESSING, and resides in both Alabama and Georgia. Lee owned and operated a furniture store in Montgomery, Alabama at 2505 Eastern Blvd. during most of the dispute.

3.    Defendant GOLDEN EAGLE CAPITAL INVESTMENTS, LLC (hereinafter "GOLDEN EAGLE") is a Limited Liability Company that is registered to do business in Georgia, whose principal office and registered agent are located in Henry County, Georgia. Based on real property documents placed of record in Butts County, the current Managers of GOLDEN EAGLE are Jeffrey R. Grant and Benjamin M. Helms. GOLDEN EAGLE may be served by serving its registered agent, Michelle Y. Saade, at its registered office located at 120 S. Zack Hinton Parkway, McDonough, Henry County, Georgia, 30253.

4.    Defendant Southern Consulting Services, Inc. ("SOUTHERN CONSULTING") is a Georgia corporation, whose principal office and registered agent are located in Henry County, Georgia. On information and belief, Jeffery R. Grant is and has been the president and sole shareholder of SOUTHERN CONSULTING. SOUTHERN CONSULTING may be served by serving its registered agent, Michelle Y. Saade, at its registered office located at 120 S. Zack Hinton Parkway, McDonough, Henry County, Georgia, 30253.

5.    Defendant BUTTS 1177, LLC is a Georgia corporation located at 120 S Zack Hinton Pkwy., Mcdonough, GA 30253.  BUTTS may be served by serving

its registered agent, may be served by serving its registered agent, Michelle Y. Saade, at its registered office located at 120 S. Zack Hinton Parkway, McDonough, Henry County, GA 30253.

6.      Qin ("Rose") Meng is a resident of Henry County, Georgia, and may be served at 1378 Brannan Rd. McDonough, GA 30281.

7.      Grant is an individual who is a resident of Henry County, Georgia. He may be served at 104 Hillcrest Drive, Stockbrige, GA, 30281.

8.      Benjamin M. Helms is an individual who is a resident of Henry County, Georgia. He may be served at 781 Stagecoach Rd., Stockbridge GA 30281.

## BACKGROUND INFORMATION

9.      "BUTTS 1177" ("BUTTS") is an entity that was formed on or around July 17, 2017 to acquire a certain 1,177.5-acre undeveloped property in Butts County, Georgia ("BUTTS Tract"), described in further detail in a Deed recorded at Book 838, Page 500 of the Butts County Recorder's Records. A true and correct copy of this Deed is attached as Exhibit A.

10.      BUTTS was initially created by BLESSING, GOLDEN EAGLE, and a nonparty, Golden Stone International Investment Co., LLC ("GOLDEN STONE"), all of which are Members of BUTTS.

11. Prior to forming BUTTS in August 2017, Defendant Meng approached Kam Lee about investing in the BUTTS Tract. Meng represented that the BUTTS Tract could be sold at a significant profit to developers in the area.

12. Meng is originally a Chinese national who resides in Georgia, and has been named as a defendant, along with Defendants Jeffrey Grant, Benjamin Helms, GOLDEN, and SOUTHERN CONSULTING in at least two other cases in the Superior Court of Henry County, Georgia based on essentially the same land development scheme perpetrated on Plaintiff. *See Wox Venture, LLC, et. al. v. North Ola Investors, LLC, Golden Eagle Capital Investments, LLC, Jeffery Roy Grant, Southern Consulting Services, Inc., and Qin Meng*, SUCV2024001041. *See also Echelon Estate LLC, a Georgia limited liability company, Individually and in the right of LOWER WOOLSEY HENRY 780, LLC, v. Jeffrey R. Grant, Qin Meng, Southern Consulting Services, Inc. Southern Property Investment Group, LLC, Golden Eagle Capital Investments, LLC, Golden Eagle Enterprises, Tim Ho Wan, LLC, Andrew Neumann, and Benjamin M. Helms*, SUCV2025002425.

13. Essentially, Meng proposed that Lee, along with herself and non-party investor GOLDEN STONE, create a company named after the subject property ("BUTTS 1177"). Meng, serving as the initial manager of BUTTS, would handle the purchase, management, and eventual sale of land. Meng represented that any

income generated from the BUTTS Tract, whether through a sale or leasing rights, would be distributed in proportion to the parties' respective shares in the company.

14.     Meng represented to Lee that the purchase price of the BUTTs Tract was $3,200,000, and that Lee would need to make an initial capital contribution of $1,300,000 for a 40% interest in the company.  Lee agreed to invest in the project, and the formation of BUTTS was memorialized by an Operating Agreement, dated July 17, 2017. A true and correct copy of this Operating Agreement is attached as Exhibit C.

15.     The Operating Agreement specified that the Members were required to make the following contributions in exchange for proportionate Membership interests in BUTTS: GOLDEN STONE INTERNATIONAL INVESTMENT CO., LLC was to contribute $1,320,000.00 for a 40% share; BLESSING, operated by Lee, was to contribute $1,320,000.00 for a 40% share; and GOLDEN EAGLE, operated by Meng, was to contribute $660,000.00 for a 20% share. Id., at Exhibit C.

16.     The Operating Agreement also provided that GOLDEN EAGLE, operated by Meng, would serve as Manager for BUTTS. The term for the Manager was indefinite, unless GOLDEN EAGLE resigned or was removed from this role by a majority of the Members.

17.     In August 2017, Meng's employee emailed Lee the Operating Agreement for signature and wire instructions for Lee's initial capital contribution. See Exhibit B.

18.     Kam Lee and non-party Zhen Wang both executed the Operating Agreement as managers for BLESSING and GOLDEN STONE, respectively, and paid their initial capital contributions totaling $2,600,000. On information and belief, Meng did not execute the Operating Agreement on behalf of GOLDEN.

19.     On information and belief, the initial contributions to BUTTS made on behalf of BLESSING and GOLDEN STONE were not transferred to BUTTS's bank account, where the members could monitor how Meng, as the designated Manger of the company, was using the funds. On information and belief, Meng, Grant, and/or Helms arranged for the funds to be deposited in Southern Consulting Services, LLC ("SOUTHERN CONSULTING") attorney's account until the purchase of the BUTTS Tract. SOUTHERN CONSULTING is owned and operated by Defendant Jeff R. Grant, and has been named as a defendant in several other lawsuits, along with Meng, as noted above.

20.     On information and belief, Defendants Grant, Meng, and Helms directed non-party GOLDEN STONE's initial capital contribution of $1,300,000 into SOUTHERN CONSULTING's attorney's account by international wire

transfer from GOLDEN STONE'S Chinese bank account.    The owner of GOLDEN STONE is Zhen Wang.

21.    On information and belief, GOLDEN EAGLE did not make an initial contribution of $600,000 for a 20% stake in BUTTS, as originally promised by Meng and required under the terms of the Operating Agreement.

22.    According to a Warranty Deed, dated August 15, 2017, Defendant Grant, on behalf of BUTTS 1177, purchased the BUTTS Tract for a purported $2.65 million from a Seattle-based timber company named WEYERHAEUSER COMPANY, located at 220 Occidental Ave. S. Seattle, WA 98104 206-539-4361. Exhibit A.

23.    However, based on tax records available in Butts County, the actual sale of the BUTTS Tract was $1,476,799, less than half the purported $3,200,000 price of the land represented by Meng to Plaintiff and GOLDEN STONE at the time of BUTTS's formation.  See Exhibit N.

24.    The deed from WEYERHAEUSER COMPANY was executed in the State of Washington and sent to Grant in Georgia. See Exhibit A.  Grant must have also transmitted interstate communications (emails and phone calls) to WEYERHAEUSER's representative while negotiating and closing the sale of the BUTTS Tract.

25.     On or around August 17, 2021, Plaintiff's attorney Lu Wang emailed

Defendant Meng to request BUTTS's books of business, including copies of all

bank statements since 2017: "We need the financial documents to show the

investment funds and all the dispersion of the funds to date." Exhibit D.

26.     Wang also requested documentation regarding the deposit location of

Plaintiff's initial ($1,300,000) capital, along with a fully executed copy of the

Operating   Agreement   and   closing   documents   with   WEYERHAEUSER

COMPANY for the BUTTS Tract. See Exhibit D. Wang's email to Meng reads, in

relevant part:

> As we understand, the Company purchased a piece of land in 2017.  We also understand that you are the Initial Manager in charge of the entire operation and management of the Company. In order to serve the legal counsel for Blessing Property Group, LLC, we would appreciate it if you could provide us with the following information and documents about the Company:
>
> - A copy of the executed Operating Agreement in 2017.
> - Copies of Corporation Tax Returns, including Schedules K-1, since the inception of the Company in July 2017.
> - Copies of all the Bank Statements of the Company's business accounts since the inception of the company in July 2017.
> - A copy of the Company's corporate ledger.
> - A complete copy of the Closing documents of the land purchase by the company.

Id., Wang email to Meng, dated September 2021.

27.     Meng, responding from China, diverted Wang to Grant: "I am in

China I already talked to Jeff [Grant], he said he is going to send to you. Could you

please call bill lee his number is 8178911308 he is the co-manager with Jeff his email is Wlee003@gmail.com. Rose Meng." Id.

28.    Grant informed Plaintiff's attorney that the investment funds were sent to SOUTHERN CONSULTING's attorney's escrow account.  Grant refused to provide the requested financial information and fully executed Operating Agreement. Id. Further, Grant impliedly admitted that Meng, as the initial manager of GOLDEN, did not make the promised initial capital contribution of $600,000, but claimed that he paid other expenses to close the sale on the BUTTS Tract with WEYERHAEUSER COMPANY.  Id.

29.    The Butts County property records indicate that on June 29, 2022, a Limited Warranty Deed Of Contribution, recorded at Book 00973, Page 00753, was executed from BUTTS 1177, LLC to BUTTS 300, LLC for a portion of the two parcels, consisting of 300.41 acres and listed in an attached plat. This document was executed by Jeff R. Grant and Benjamin M. Helms, as Managers for GOLDEN. Plaintiff was not notified of this transaction by any of the Defendants. A copy of this document is attached as Exhibit E.

30.    The Butts County property records indicate that on May 22, 2023, a Warranty Deed, recorded at Book 00992, Page 0152, was executed from BUTTS 300, LLC to BUTTS 1177, LLC for a portion of the two parcels, consisting of 300.41 acres and listed in an attached plat. This document was executed by Jeff R.

Grant and Benjamin M. Helms, as Managers for GOLDEN. Additionally, BUTTS 1177, LLC appears in the signature page as a "Member" of BUTTS 300, LLC. Plaintiff was not notified of this transaction by any of the Defendants. A copy of this document is attached as Exhibit F.

31.    The Butts County property records indicate that on May 22, 2023, a Security Deed, recorded at Book 00992, Page 0157, was executed from BUTTS 1177, LLC, as Borrower, and JDS Holdings, LLC and William Stacey Britt, as Lenders of $2,350,000.00, due on May 22, 2024, covering the entire BUTTS Tract. See Exhibit G. This document was executed by Jeff R. Grant and Benjamin M. Helms, as Managers for GOLDEN. Additionally, Jeff R. Grant executed the document as Manager for SOUTHERN CONSULTING. See Exhibit G.

32.    In the Security Deed, Grant and Helms also represented SOUTHERN CONSULTING as a "member" of BUTTS 1177, LLC. No release of this document was found. Plaintiff was not notified of this transaction by any of the Defendants. Id.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, Sealed and delivered in the presence of:



Butts 1177, LLC -Borrower

By: Southern Consulting Services, Inc., Member

By: _____(Seal)
Jeff R. Grant, Its Manager

By: Golden Eagle Capital Investments, LLC, Member

By: _____(Seal)
Jeff R. Grant, Its Manager and Individually

By: _____(Seal)
Benjamin M. Helms, Its Manager and Individually

Unofficial Witness

Notary Public

_____[Space Below This Line For Acknowledgement]_____

33.    Under the express terms of the Operating Agreement, "a person may be admitted as an additional Member only upon the written consent of all Members." See Exhibit C.

34.    Neither Plaintiff nor GOLDEN STONE consented to making SOUTHERN CONSULTING a member of BUTTS.

35.    Grant's and Helm's representation that SOUTHERN CONSULTING was a member of BUTTS on the Security Deed to secure the mortgage was thus false.

36.    The Operating Agreement provides that BUTTs may not incur any debt or liability without each Member's written consent.  Id.  Neither Plaintiff or

-11

GOLDEN STONE authorized Grant to take a $2,350,000.00 mortgage on the BUTTS Tract on behalf of the company. Id.

37.    On information and belief, the $2,350,000.00 received from JDS Holdings, LLC was deposited into SOUTHERN CONSULTING's bank account at the direction of Meng, Helms, and/or Grant.

38.    The Butts County property records indicate that on July 7, 2023, a Deed To Secure Debt And Security Agreement, recorded at Book 00995, Page 00530, was executed from BUTTS 1177, LLC, as Borrower, and JDS Holdings, LLC, as Lender of $1,800,000.00 due on July 21, 2023, covering the entire property in Butts County. This document was executed by Jeffery R. Grant, as Manager for BUTTS 1177, LLC. No release of this document was found. Plaintiff was not notified of this transaction by any of the Defendants.  Exhibit H.

39.    The Operating Agreement provides that managers may only be added through amendment, which requires the written consent of all the existing Members.  Exhibit C, Operating Agreement, ¶¶ 4.2, 9.1.  Neither Plaintiff or GOLDEN STONE provided written consent to make Jeff Grant a manager of BUTTS 1177.

40.    The Butts County property records indicate that on May 21, 2024, an Assignment Of Deed To Secure Debt, recorded at Book 01011, Page 0327, was executed from William Stacey Britt, as Assignor, and JDS Holdings, LLC, as

Assignee, of all of its rights, title, and interest in the document at Book 00992, Page 0157. Plaintiff was not notified of this transaction by any of the Defendants. A copy of this document is attached as Exhibit I.

41.    The Butts County property records indicate that on June 4, 2024, a Modification Agreement, recorded at Book 01011, Page 00918, was executed from BUTTS, as Grantor, and JDS Holdings, LLC, as Grantee, modifying the terms set out in the Mortgage document at Book 00992, Page 0157. Specifically, the maturity date of said document was extended until July 19, 2024. This document was executed by Jeff R. Grant and Benjamin M. Helms, as Managers for GOLDEN.  Exhibit J.

42.    Grant and Helms again represented in the Modification Agreement that SOUTHERN CONSULTING was a "member" of BUTTS 1177, with Grant as a "manager" of SOUTHERN CONSULTING. Plaintiff was not notified of this transaction by any of the Defendants. A copy of this document is attached as Exhibit J.

43.    The Butts County property records indicate that on September 17, 2024, a Security Deed, recorded at Book 01017, Page 0264, was executed from BUTTS, as Borrower, and JDS Holdings, LLC, as Lender, for a loan of $2,355,000.00, due on September 17, 2025. This document covers the entire property in Butts County. This document was executed by Jeff R. Grant and

Benjamin M. Helms, as Managers for GOLDEN. Again, Grant and Helms represented SOUTHERN CONSULTING as a "member" of BUTTS 1177, which is false. No release or satisfaction of this document was found of record. Plaintiff was not notified of this transaction by any of the Defendants. A copy of this document is attached in Exhibit K.

44.    Despite the property presumably remaining undeveloped and unleased, BLESSING received a K-1 form for the 2024 tax year for taxes due on the profits earned by BUTTS. No explanation for these profits was offered. A copy of this form is attached in Exhibit M.

45.    On information and belief, Defendants have executed timber leases on the BUTTS Tract without Plaintiff's knowledge or consent.  Defendant Grant has extensive experience in the timber industry, the BUTTS Tract was acquired from WEYERHAUSER, a timber company, and the referenced K-1 form for the 2024 tax year indicates the BUTTS Tract generated income.  Plaintiff has not received any income generated from the timber leases.

46.    The Butts County property records lastly indicate that on May 15, 2025, a Limited Warranty Deed, recorded at Book 1031, Page 0723, was executed from BUTTS, as Grantor, to WILLIAM T. MYLES, SR. FAMILY, L.L.L.P., as Grantee, wherein all the interest in the BUTTS Tract was conveyed away in exchange for $6,455,570.00. This document was executed by Jeff R. Grant, as

-14

Manager for SOUTHERN CONSULTING, as a member of BUTTS. Plaintiff was not notified of this transaction by any of the Defendants. A copy of the Limited Warranty Deed is attached in Exhibit L, and the Butts' County Tax Assessor's confirmation of the sales price is available in Exhibit N.

47.    As of the filing of this lawsuit, no part of the $6,455,570.00 has been distributed to Plaintiff. Upon information and belief, the funds from the sale were deposited into SOUTHERN CONSULTING's bank account, and then distributed to Grant, Meng, and Helms for their personal gain.

48.    Accordingly, prior to forming BUTTS 1177 in August 2017, Meng falsely represented to Plaintiff that the purchase price of the land was $3,200,000 and that Plaintiff, along with non-party investor GOLDEN STONE, would need to make an initial contribution of $1,300,000. Meng stated that she would cover the balance of $600,000 to acquire the property.

49.    However, Meng falsely inflated the value of the land to Lee.  Meng, working with Jeff Grant and Helms, knew the actual purchase price of the land was a fraction of the solicited amount ($1,476,799). Meng, Grant, and Helms never notified Plaintiff or non-party GOLDEN STONE of the actual purchase price, and, on information and belief, distributed the $1,123,201—the difference between BLESSING's and GOLDEN STONE's initial capital contributions and the actual

purchase price of the BUTTS Tract—among themselves or to advance the fraudulent land scheme against Plaintiff or other investors.

50.    Meng, Grant, and Helms did not intend to make an initial contribution towards the land purchase, and ultimately never did so, but nevertheless wanted a 20% stake in the company—and ultimately converted all income generated from the BUTTS Tract for their personal gain and to the detriment of Plaintiff.

51.    After executing the land sale for $1,476,799 with the Seattle-based WEYERHAEUSER COMPANY, and sharing correspondence across state lines to complete the transaction in furtherance of the fraudulent scheme, Grant proceeded to take out at least two mortgages on the BUTTS Tract without Plaintiff's or GOLDEN STONE's knowledge or consent, in clear violation of the Operating Agreement. To secure the mortgages, worth over $2 million, Grant and Helms falsely represented in the May 2023 and September 2024 Security Deeds with JDS Holdings, LLC that SOUTHERN CONSULTING was a member of BUTTS, and that he was a manager of BUTTS 1177.

52.    On information and belief, Grant and Helms directed JDS Holdings, LLC to send the funds to SOUTHERN CONSULTING's corporate bank account to finance Defendants' continuing land development scheme against Plaintiff and other investors, some of whom have filed lawsuits against Defendants in state court.

53. In September 2021, Plaintiff's attorney requested BUTTS's financial information from Meng, including bank statements going back to 2017. To conceal Defendants' financial activity, specifically the actual purchase price of the BUTTS Tract from WEYERHAEUSER, Meng, traveling in China at the time, passed off Plaintiff's attorney to Grant, who refused to provide the requested financial information or the fully executed Operating Agreement.

54. On information and belief, Grant, Meng, and Helms executed timber leases on the BUTTS Tract. They did not distribute the income generated from the leases with Plaintiff or GOLDEN STONE in violation of the Operating Agreement.

55. In May 2025, Grant sold the property to WILLIAM T. MYLES, SR. FAMILY, L.L.L.P for $6,455,570.00. Grant executed the Warranty Deed "as Manager for SOUTHERN CONSULTING" on behalf of BUTTS, thus again falsely representing that SOUTHERN CONSULTING is a member of BUTTS. SOUTHERN CONSULTING owned no part of BUTTS 1177, and did not have authority to execute a deed on behalf of the company. On information and belief, Grant directed all proceeds from the land sale to SOUTHERN CONSULTING's bank account. Defendants never informed Plaintiff of the sale, and, as of the date of this filing, Plaintiff has not received any funds from the sale. On information

and belief, Grant, Meng, and Helms distributed the proceeds among themselves for their personal gain.

## COUNT ONE – Federal Civil RICO, 18 U.S.C. 3 1962(c)
### (Against All Defendants)

56.    Plaintiff realleges and reaffirms paragraphs 1 through 55.

57.    The actions of Defendants constitute a breach of the Federal Racketeering and Corrupt Organizations Act ("RICO").

58.    GOLDEN EAGLE and SOUTHERN CONSULTING are each "enterprises" within the meaning of 18 U.S.C. § 1961(4).

59.    Meng, Grant, and Helms are "persons" within the meaning of 18 U.S.C. § 1961(3).

60.    Defendants form an association-in-fact for the common and continuing purpose described herein and constitutes an enterprise within the meaning of 18 U.S.C. 3 1961(4) engaged in the conduct of its affairs through a continuing pattern of racketeering activity. The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity. There may also be other members of the enterprise who are unknown at this time.

61.    As explained above, Meng's role in the operation, as initial manager of GOLDEN EAGLE, was to solicit wealthy investors from Georgia's Asian community to invest in the land development scheme. To this end, around August

-18

2017, Meng falsely represented to Lee that the purchase price of the BUTTS Tract was $3,200,000, and that she, as the manager of GOLDEN, would make an initial capital contribution of $600,000 for a 20% stake in BUTTS.  Meng proposed that the company be named after the subject property (BUTTS 1177), a common trait demonstrated in at least two other state cases filed against Defendants Meng, Grant, Helms, SOUTHERN CONSULTING, and GOLDEN EAGLE.

62.    Meng transmitted interstate electronic communications (emails) with Lee around August 2017 to solicit funds and create the BUTTs entity based on the falsely inflated land purchase.  See Exhibit B.  Lee owned and operated a furniture store in Montgomery, Alabama in 2017 when she corresponded with Meng's employee to execute the Operating Agreement and wire her initial capital contribution of $1,300,000.

63.    Meng knew from information received from Grant and Helms that the actual purchase price of the land was only $1,476,799, a fraction of the solicited amount. At this time, Meng, Grant, and Helms never intended to make an initial capital contribution for the BUTTS Tract, disclose the actual purchase price of the land to Plaintiff or GOLDEN STONE, return the balance of funds to Plaintiff, or distribute any funds generated from the BUTTS Tract to Plaintiff or non-party GOLDEN STONE.

64.     Meng, Helms, and Grant placed Plaintiff's and non-party GOLDEN STONE's initial capital contribution of $2,600,000 in SOUTHERN CONSULTING's attorney's bank account, not in BUTTS 1177's account. By doing so, Defendants prevented Plaintiff from accessing the funds or detecting Defendants' illicit financial activity.

65.     On information and belief, Defendants received non-party GOLDEN STONE's initial capital contribution of $1,300,000 from GOLDEN STONE's Chinese bank account into SOUTHERN CONSULTING's attorney's escrow account around August 2017, when BUTTs was formed.

66.     After the formation of BUTTS, Grant and Helms purchased the land from WEYERHAEUSER COMPANY for $1,476,799, purportedly on behalf of BUTTS, to execute the fraudulent scheme.  Grant must have transmitted interstate electronic communications to negotiate and close the sale with Seattle-based WEYERHAEUSER COMPANY.

67.     On or around August 17, 2021, Plaintiff's attorney contacted Defendant Meng requesting a full accounting of BUTTS's books of business, including banking records from 2017. Meng responded, "I am in China I already talked to Jeff [Grant], he said he is going to send to you. Could you please call bill lee his number is 8178911308 he is the co-manager with Jeff his email is Wlee003@gmail.com. Rose Meng." Exhibit D.

-20-

68.     Accordingly, Meng, while in China, transmitted international wire communications with Grant to further the fraudulent land scheme (i.e., to conceal Defendants' financial activity, particularly with respect to the actual purchase of the BUTTS Tract.) Meng also transmitted international wire communications to Plaintiff's attorney to conceal the fraudulent activity (i.e., passing off Plaintiff's attorney to Grant, who himself refused to provide the requested financial statements of BUTTS 1177.)

69.     Further, in May 2023 and September 2024, Grant and Helms falsely represented SOUTHERN CONSULTING as a member of BUTTS in mortgage documents to secure over $2 million from JDS Holdings without Plaintiff's knowledge or consent, and in violation of the Operating Agreement. On information and belief, the funds were sent to SOUTHERN CONSULTING's bank account, and used to advance the land development scheme against Plaintiff and other investors from Georgia's Asian community.

70.     In May 2025, Grant sold the property to WILLIAM T. MYLES, SR. FAMILY, L.L.L.P for $6,455,570.00. Grant executed the Warranty Deed "as Manager for SOUTHERN CONSULTING" on behalf of BUTTS, thus again falsely representing that SOUTHERN CONSULTING is a member of BUTTS in a property deed. On information and belief, the proceeds from the sale were sent to

SOUTHERN CONSULTING's bank account, and then distributed to Helms, Meng, and Grant for their personal gain and to the detriment of Plaintiff.

71.    Defendants never notified Plaintiff of the land sale, or distributed any proceeds of the sale to Plaintiff or GOLDEN STONE as of the date of this filing.

72.    Between August 2017 and May 2025, on information and belief, Defendants executed timber leases on the BUTTs Tract without Plaintiff's knowledge, and intentionally withheld income generated from said leases. As noted, Grant refused to provide an accounting of BUTTS's financial activity to Plaintiff's attorney, and Plaintiff received a K-1 tax form for the year 2024 indicating that income was generated from the BUTTs Tract. The BUTTS Tract was also purchased from a timber company, WEYERHAEUSER COMPANY, in 2017, and Grant has extensive experience in the timber industry.

73.    Accordingly, Meng, Grant, and Helms used interstate and international wire communications at least to:

a.      Inflate the purchase price of the BUTTS Tract to Plaintiff and GOLDEN STONE at $3,200,000 around August 2017 prior to forming BUTTS through emails and phone calls;

b.      Request that Plaintiff, who was operating her furniture store in Montgomery, Alabama at the time, execute the Operating Agreement and send the $1,300,000 in furtherance of the fraudulent scheme;

c. Receive international wire transfers of money from GOLDEN STONE's Chinese bank account obtained through such fraudulent representations;

d. Transmit numerous interstate correspondence with Seattle-based WEYERHAEUSER COMPANY to negotiate and close on the BUTTS Tract at the reduced price of $1,476,799 in furtherance of the fraudulent activity;

e. Transmit interstate wire transfers of money to WEYERHAEUSER COMPANY for the property in furtherance of the fraudulent scheme;

f. Conceal the illicit financial activity of SOUTHERN CONSULTING AND GOLDEN EAGLE from Plaintiff's attorney Lu Wang in 2021 (Meng sent emails to both Lu and Grant while traveling in China in September 2021).

74. Conduct multiple similar schemes against other victims upon information and based on the cases against Meng, Helms, Grant, SOUTHERN CONSULTING, and GOLDEN EAGLE filed in the Superior Court of Henry County, Georgia.

75. As a direct and proximate result of SOUTHERN CONSULTING, GOLDEN EAGLE, Grant, Meng, and Helm's RICO violations, Plaintiff has been

-23

injured in its business and property and is entitled to recover threefold damages, costs, and attorneys' fees pursuant to §18 U.S.C 1964(c).

## COUNT TWO – BREACH OF OPERATING AGREEMENT

### (as to all Defendants)

76.    Plaintiff re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 75.

77.    BLESSING for all relevant times herein was a member of BUTTS.

78.    Defendants are estopped from denying the existence and enforceability of the Operating Agreement.

79.    In accordance with the BUTTS' Operating Agreement, through its managing agent (Jeff R. Grant), BUTTS could not without consent of all Members, permit GOLDEN EAGLE or any other party to become a Member without paying the initial capital contributions to the LLC.

80.    In accordance with the BUTTS' Operating Agreement, BUTTS could not without consent of all Members, avoid paying profit distributions to all Members of the LLC.

81.    In accordance with the BUTTS' Operating Agreement, BUTTS could not without consent of all Members, alter the Manager of BUTTS to be SOUTHERN CONSULTING.

82.    In accordance with the BUTTS' Operating Agreement, BUTTS could not without consent of all Members, add Members to BUTTS.

83.    In accordance with the BUTTS' Operating Agreement, BUTTS could not without consent of all Members, contract for debt or incur liabilities.

84.    Pursuant to O.C.G.A. § 13-6-2, BLESSING has been deprived of the benefits of the BUTTS' Operating Agreement by GOLDEN.

85.    Pursuant to O.C.G.A. § 14-11-601, BLESSING seeks to remove or disassociate GOLDEN EAGLE and SOUTHERN CONSULTING as both Manager and as Member of BUTTS, without any form of compensation. This will prevent further damages to BLESSING through Defendants' self-interested mismanagement of BUTTS, and it is an equitable result as Defendants never made an initial contribution to BUTTS.

## COUNT THREE – CONSTRUCTIVE FRAUD
### (as to all Defendants)

86.    Plaintiff re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 85.

87.    BLESSING was at all times and currently is a Member of BUTTS.

88.    Defendants, as the Managers of BUTTS, owe a fiduciary duty to act in good faith and in the best interests of the Members of BUTTS, pursuant to both Georgia law and the Operating Agreement.

89.    Defendants have intentionally misled or unintentionally omitted essential information that they have a duty to disclose to BLESSING about the

initial capital contributions, BUTTS' book of business, and the existence of liens on and conveyances of the property owned by BUTTS.

90.    Defendants did not provide BLESSING with information about initial capitalization for BUTTS or with evidence of the profits, losses, or distributions from BUTTS in in any year since the entity was created in 2017.

91.    Defendants have accepted, retained, and benefited from these distributions, to their sole advantage.

92.    Pursuant to O.C.G.A. § 23-2-51, BLESSING's damages occurred as a result of Defendants' misrepresentations or omissions, as it is owed monies in unpaid ownership distributions in an amount as determined by the trier of fact.

## COUNT FOUR – BREACH OF FIDUCIARY DUTY
### (as to all Defendants)

93.    BLESSING re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 92.

94.    Defendants, as the Managers of BUTTS, owe and continue to owe a fiduciary duty to Lee and BLESSING. A fiduciary duty exists "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." O.C.G.A § 23-2-58. Additionally, Section 4.5 of the Operating

-26

Agreement specifies that the Manager of BUTTS will "perform their duties as Manager in good faith, in a manner they reasonably believe to be in the best interests of the Company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances."

95.   Defendants breached that duty to BLESSING through their breach of the Operating Agreement, the money had and received, and through their constructive fraud.

96.   BLESSING has suffered significant damages proximately and directly caused by Defendants' breaches of its fiduciary duty.

97.   Defendants owe BLESSING damages, as noted in preceding paragraphs, as will be determined by the trier of fact.

**COUNT FIVE – DEFALCATION**
**(as to all Defendants)**

98.   BLESSING re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 95.

99.   Defendants misappropriated distributions to BUTTS and owe BLESSING a remittance for the misappropriated funds.

**COUNT SIX – ACCOUNTING**
**(as to all Defendants)**

100.   BLESSING re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 97.

101. BLESSING demands an equitable accounting of BUTT's financial records to determine the value of monies owed to it in the form of distributions which were never paid from July 17, 2017 to present and what amounts, if any, were paid to Meng, Grant, and Helms.

### COUNT SEVEN – ATTORNEY FEES
**(as to all Defendants)**

102. BLESSING re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 101.

103. As a result of Defendants' bad faith, being stubbornly litigious and/or causing unnecessary expense to BLESSING, BLESSING seeks attorney fees pursuant to O.C.G.A. § 13-6-11.

### COUNT EIGHT – PUNITIVE DAMAGES
**(as to all Defendants)**

104. BLESSING re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 103.

105. As a result of Defendants' willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, Defendants are responsible for paying punitive damages in an amount to be determined by the trier of fact.

### COUNT NINE – DECLARATORY JUDGMENT
**(as to Meng, Grant, Southern Consulting, and Golden Eagle)**

106.   Plaintiff re-incorporates and re-alleges as if fully set forth herein paragraphs 1 - 105.

107.   Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

108.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and obligations under the BUTTS Operating Agreement. Defendants' actions have created a dispute necessitating judicial determination.

109.   BLESSING seeks a declaration, which additionally is specifically permitted in Georgia law, to involuntarily remove or disassociate Defendants as Managers and as Members of BUTTS, without compensation.

## COUNT TEN – CONVERSION AND CONSPIRACY
### (as to all Defendants)

110.   Plaintiff realleges and reaffirms paragraphs 1 through 108.

111.   The actions of the Defendants herein constitute a conspiracy to commit each of the acts alleged.

112.   As a result of such conspiracy, each of the Defendants is liable for the acts of each of the actions of every other Defendants as set forth herein.

113.   Plaintiff, on its own behalf and in the name and right of BUTTS, is entitled to recover all damages awarded against any single Defendant herein against all the Defendants.

## COUNT ELEVEN - CONSTRUCTIVE TRUST
### (as to all Defendants)

114.   BLESSING realleges and reaffirms each and every allegation contained in paragraphs 1 through 113.

115.   Plaintiff is entitled to a constructive trust be placed on the assets of the Defendants for purposes of recovering all assets BUTTS wrongfully diverted by the Defendants as set forth herein.

## COUNT TWELVE - DISREGARDED CORPORATE VEIL
### (as to all Defendants)

116.   Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1 through 115.

117.   Jeff R. Grant controls and owns SOUTHERN CONSULTING.

118.   Qin Meng, Benjamin M. Helms, and Jeff R. Grant control and own GOLDEN.

119.   Qin Meng, Benjamin M. Helms, and Jeff R. Grant have completely disregarded the corporate existences of the entities they control and own.

120.   As a result of such actions, Plaintiff, on its own behalf and in the name and right of BUTTS, is entitled to recover from Qin Meng, Benjamin M.

Helms, and Jeff R. Grant all damages for which the corporate and limited liability company Defendants are held liable in this matter.

## COUNT THIRTEEN - DISLOYAL SERVANT
### (as to all Defendants)

121. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1 through 120.

122. The actions of Qin Meng, Benjamin M. Helms, and Jeff R. Grant, SOUTHERN CONSULTING and GOLDEN EAGLE as set forth herein require any and all "fees" paid to such parties by or on behalf of BUTTS be forfeited and disgorged.

123. BLESSING is entitled to a judgment against Qin Meng, Benjamin M. Helms, Jeff R. Grant, SOUTHERN CONSULTING and GOLDEN EAGLE disgorging all fees paid to these Defendants by or on behalf of BUTTS.

## COUNT FOURTEEN – ATTACHMENT
### (as to all Defendants)

124. BLESSING realleges and reaffirms each and every allegation contained in paragraphs 1 through 123.

125. Plaintiff, on its own behalf and in the name and right of BUTTS, is entitled to an order from this Court attaching all funds paid to SOUTHERN CONSULTING, GOLDEN EAGLE as "membership distributions" from BUTTS and currently held by them or any of the other Defendants.

## COUNT FIFTEEN – BAD FAITH

-31

**(as to all Defendants)**

126.   Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1 through 125.

127.   The Defendants actions as set forth herein have been undertaken in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.

128.   As a result of such conduct by Defendants, Plaintiff is entitled to recover its expenses of litigation in prosecuting this action, including its reasonable attorneys' fees, against the Defendants, jointly and severally.

## COUNT SIXTEEN – RECEIVER
**(as to all Defendants)**

129.   Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1 through 128 of this Verified Complaint as fully set forth herein.

130.   Plaintiff is entitled to an appointment of a receiver for BUTTS for purposes of recovering all assets of such entities wrongfully diverted by the Defendants.

131.   BLESSING is entitled to an order from the Court directing the Receiver to recover all assets of BUTTS wrongfully diverted by the Defendants and to obtain such other judgments and relief against the Defendants for all damages incurred by such entities by the actions of the Defendants as set forth herein.

WHEREFORE, BLESSING demands judgment against GOLDEN EAGLE, SOUTHERN CONSULTING, Grant, Meng, and Helms, as follows:

a) Compensatory damages in an amount to be determined at trial;

b) Punitive damages;

c) Treble damages pursuant to 18 U.S.C. § 1964(c);

d) Prejudgment and post-judgment interest;

e) Attorneys' fees and costs of this action; and

f) Such other and further relief as this Court deems just and proper.

BLESSING hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 10th day of June, 2026,

By:/s/ Xiyan Zhang_____
Xiyan Zhang
Pete S. Wolfgram
(*Pro Hac Vice pending*)
STRATUM LAW LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA, 19073
xzhang@stratumlaw.com
pwolfgram@stratumlaw.com
*Attorneys for Plaintiff*
*BLESSING PROPERTY GROUP,*
*LLC*