# Exhibit A

DOC# 002314
FILED IN OFFICE
8/16/2017 11:17 AM
BK:838 PG:500-506
RHONDA WAITS SMITH
CLERK SUPERIOR COURT
BUTTS COUNTY
Rhonda Smith

REAL ESTATE TRANSFER TAX
PAID: $2650.00

PT-61 018-2017-000771

**THIS INSTRUMENT PREPARED BY:**
Weyerhaeuser Company
5 Concourse Parkway, Suite 1650
Atlanta, Georgia 30328
Attention: Kerri M. Lockwood
File No. T2017-570

**AFTER RECORDING RETURN TO:**
David Harris
118 South Main Street
Jonesboro, Georgia 30236

**STATE OF GEORGIA**

**COUNTY OF BUTTS**

**LIMITED WARRANTY DEED**

THIS INDENTURE, made this 15th day of August, 2017, between Weyerhaeuser Company, a Washington corporation, whose address is 220 Occidental Avenue South, Seattle, Washington 98104, as Grantor, and Butts 1177, LLC, a Georgia limited liability company, whose address is P.O. Box 1274, Stockbridge, Georgia 30281, Attention: Jeff Grant, as Grantee;

**W I T N E S S E T H:**

That Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto the said Grantee, its successors and assigns, that certain property described on **Exhibit "A"** attached hereto and made a part hereof by this reference (the "Real Property").

**GRANTOR HEREBY EXPRESSLY DISCLAIMS AND NEGATES ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, RELATING TO THE CONDITION, MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE REAL PROPERTY, IT BEING THE INTENTION OF GRANTOR AND GRANTEE THAT THE REAL PROPERTY BE CONVEYED "AS IS", IN ITS PRESENT CONDITION AND STATE OF REPAIR AND THAT GRANTEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTION AS IT DEEMS APPROPRIATE. GRANTEE, FOR ITSELF AND ITS SUCCESSORS AND ASSIGNS, HEREBY WAIVES AND RELEASES GRANTOR FROM ANY AND ALL CONTRACTUAL, STATUTORY, COMMON LAW, AND/OR OTHER LIABILITIES, OBLIGATIONS, CLAIMS OR CAUSES OF ACTION, KNOWN OR UNKNOWN, THAT GRANTEE OR ITS SUCCESSORS AND ASSIGNS MAY BE ENTITLED TO ASSERT AGAINST GRANTOR ARISING IN WHOLE OR IN PART OF, OR RELATING OR CONNECTED IN ANY**

**WAY TO, THE CONDITION OF THE REAL PROPERTY INCLUDING, BUT NOT LIMITED TO ANY SUCH LIABILITIES, OBLIGATIONS, CLAIMS OR CAUSES OF ACTION BASED IN WHOLE OR IN PART UPON ANY APPLICABLE FEDERAL, STATE OR LOCAL ENVIRONMENTAL LAW, RULE OR REGULATION OR THE ENVIRONMENTAL CONDITION OF THE REAL PROPERTY.**

TO HAVE AND TO HOLD the Real Property, together with all and singular the rights, members and appurtenances in any manner appertaining, subject to the matters set forth in **Exhibit "B"** attached hereto and made a part hereof, unto Grantee, its successors and assigns, forever, in Fee Simple.

And Grantor shall warrant and forever defend the right and title to the Real Property unto Grantee, their successors and assigns, against the lawful claims of all persons claiming by, through or under Grantor, but against none other; provided, however, that this conveyance is made subject to and there are hereby excepted from the covenants and warranties hereinabove set forth, the matters set forth in **Exhibit "B"** attached hereto and made a part hereof.

[SIGNATURES APPEAR ON THE FOLLOWING PAGES.]

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the date and year stated below.

Signed, sealed and delivered this 15th day of August, 2017 in the presence of:

WEYERHAEUSER COMPANY

Unofficial Witness

Name: James R. Johnston
Title: Vice President

Notary Public
(NOTARIAL SEAL)

Name: Teri Rongen
Title: Assistant Secretary

PATRICIA A CREHAN
Commission Expires
NOTARY PUBLIC
08-10-2020
STATE OF WASHINGTON

WEYERHAEUSER COMPANY
CORPORATE
SEAL
1900
WASHINGTON

ACKNOWLEDGEMENT FOR GEORGIA INSTRUMENTS SIGNED IN WASHINGTON

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF WASHINGTON )
)ss
COUNTY OF KING )

On this 11th day of August, 2017, I certify that I know or have satisfactory evidence that James R. Johnston and Teri Rongen are the persons who appeared before me, and said persons acknowledged that they signed this instrument, on oath stated that they were authorized to execute the instrument and acknowledged they are the Vice President and Assistant Secretary, respectively, of Weyerhaeuser Company to be the free and voluntary act of such parties for the uses and purposes mentioned in the instrument.

PATRICIA A CREHAN
Commission Expires
NOTARY PUBLIC
08-10-2020
STATE OF WASHINGTON

Patricia A Crehan

Notary Public in and for the State of Washington
Residing in Snohomish County
My Commission Expires: August 10, 2020
Printed Name: Patricia A. Crehan

# EXHIBIT A

# REAL PROPERTY

Parcel 1:

All that certain tract or parcel of land lying and being in Land Lots 2 and 3 of the 14th Land District and Land Lots 27, 28, 30, 31, 32, 58 and 59 of the 4th Land District in Butts County, Georgia, containing 990.4 gross acres (986.1 net acres plus 4.3 acres in R/W's) and being shown on plat of survey prepared by Byron L. Farmer, R.L.S. No. 1679, dated December, 1978, and recorded in Plat Book 6 , Page 176 , Clerk's Office, Butts Superior Court, which plat and the record thereof are incorporated herein by reference thereto, said lands being more particularly described as follows: FOR POINT OF BEGINNING commence at the point shown as point #1 on the above mentioned plat located on the centerline of an unimproved county road (iron pin 15 feet back); thence S8°10'W, 208.5 feet to an axel: thence S7°38'W, 583.5 feet to an iron pin; thence S53°50'W 772.4 feet to an iron pin; thence S73°55'E, 263.8 feet to a point; thence S57°39'E, 228.0 feet to a point: thence S25°24'E, 647.0 feet to a point; thence S32°20'E, 269.7 feet to a point; thence S72°51'E, 468.0 feet to a point on the centerline of Big Sandy Creek; thence along the centerline of Big Sandy Creek the following degrees and distances, S49°55'E, 215.3 feet; S15°12'E, 184.7 feet; S32°44'E, 635.8 feet; N89°10'E, 150.0 feet; S57°00'E, 341.3 feet; N47°54'E, 108.6 feet; S81°59'E, 217.0 feet; N80°41'E, 255.6 feet; N89°45'E, 322.5 feet; N79°11'E, 186.2 feet to a point (iron pin 55 feet back on line); thence S88°43'E, 470.5 feet to an iron pin located at the common corner of Land Lot Numbers 28, 29, 30 and 31; thence S79°32'E, 598.7 feet to a point; thence S87°21'E, 709.4 feet to an iron pin; thence S79°09'E, 163.9 feet to a point; thence S87°24'E, 1208.7 feet to a point; thence N81°35'E, 374.4 feet to an 18 inch Gum tree; thence N17°59'E, 536.8 feet to a 30 inch Pine tree; thence S89°31'E, 1464.3 feet to an iron pin; thence S4°17'W, 573.5 feet to a 24 inch Sweet Gum tree; thence S47°13'W, 242.8 feet to a 24 inch Pine tree; thence S2°20'W, 2753.7 feet to a 36 inch dead Pine tree; thence N88°24'W, 1452.4 feet to an iron pin; thence S8°33'W, 630.1 feet to an iron pin; thence N83°54'E, 83.0 feet to a point on the centerline of Big Sandy Creek (iron pin 15 feet back on bank), thence along the centerline of Big Sandy Creek the following degrees and distances, S27°26'W, 241.2 feet; N71°23'W, 358.3 feet; S40°00'W, 177.5 feet; S17°12'E, 247.3 feet; S31°58'W, 466.4 feet; N74°39'W, 233.6 feet; N31°36'W, 372.4 feet; N40°37'W, 289.1 feet; N16°22'E, 220.8 feet; N42°21'E, 472.8 feet; N19°41'E, 144.9 feet to a point (concrete monument and iron pin 30 feet back); thence N87°46'W, 2030.0 feet to an iron pin and concrete monument located at the common corner of Land Lot Numbers 30, 31, 58 and 59; thence S1°53'W, 628.3 feet to an iron pin; thence N89°25'W, 1305.6 feet to a point on the centerline of an unimproved county road (iron pin on line 20 feet back); thence along the centerline of said unimproved county road the following degrees and distances, N35°03'W, 169.2 feet; N49°46'W, 409.8 feet; N58°49'W, 280.8 feet; N50°43'W, 363.7 feet; N86°07'W, 362.6 feet; N84°33'W, 1076.9 feet; N87°58'W, 401.1 feet; N81°04'W, 399.9 feet; N85°55'W, 300.1 feet; N85°36'W, 581.9 feet to a point (iron pin 15 feet back on bank); thence N1°15'W, 1034.8 feet to an iron pin; thence N87°11'W, 353.4 feet to the centerline of an ingress and egress road; thence along the centerline of said ingress and egress road the following degrees and distances, N26°50'W, 271.7 feet; N9°01'W, 170.4 feet; N22°10'W, 418.2 feet; N18°24'W, 500.1 feet to a point (iron pin 40 feet back on line); thence N17°25'E, 2037.6 feet to an iron pin; thence N25°24'E, 467.5 feet to a point; thence N6°23'E, 422.8 feet to a point on the centerline of an unimproved county road (iron pin 30 feet back) located approximately 0.2 miles east of State Hwy. No. 42; thence along the centerline of said unimproved county road the following degrees and distances) S88°00'E, 252.9 feet; N75°31'E, 105.0 feet; N51°30'E, 113.9 feet; N44°31'E, 355.5 feet; N54°09'E, 196.2 feet; N67°22'E, 107.0 feet; N82°51'E, 108.3 feet; S81°06'E, 380.3 feet; S86°04'E, 413.5 feet; S67°05'E, 295.0 feet; S56°37'E, 173.9 feet to the POINT OF BEGINNING.

Parcel 2:

ALL that tract or parcel of land lying and being in the 609th District, G.M., Butts County, Georgia on the West side of State Highway No. 87 about 1.1 miles South of the limits of the Town of Flovilla, consisting of 187.1 acres, more or less, fronting East on said highway and more particularly described as follows:

BEGINNING at a point on the West side of said highway on the North-South dividing line of Land Lots 30 and 31 adjacent to the West boundary of said highway; thence from said point of beginning S89°30'W, 675 feet to a point; thence S0°30'E, 2978 feet to a point, which point is a large Pine Tree; thence S89°30'W, 1515 feet along a fence row to a point, which point is a large Pine Tree; thence N0°30'W, 2802 feet along a fence row to a point; thence N50°E, 250 feet to a point; thence N0°30'W, 580 feet along a fence row to a point; thence S89°30'W, 1450 feet along a fence row to a point; which point is a large Pine Tree; thence N26°E, 1050 feet to an iron pin; thence N89°30'E, 2260 feet to a point on the West boundary of said State Highway No. 87; thence S24°E, 1665 feet along the West boundary line of State Highway No. 87 to a point, which is the point of beginning.

LAND is described as per a plat of same prepared by P. B. Flournoy, Registered Surveyor, No. 1302, dated June 24, 1966 and said Plat being of record in the office of the Superior Court Clerk of Butts County, Georgia, in Plat Book 2, Page 35, and be reference the said plat is made a part of the above described tracts of land, identified as Parcel II.

Being a portion of the property conveyed to Plum Creek Timberlands, L.P. from Plum Creek Timber Company, Inc. by deed dated the 6th day of October, 2001, and recorded in Butts County, Georgia in Book 327, at Page 187; Plum Creek Timberlands, L.P. thereafter merged into Weyerhaeuser Company pursuant to that certain Affidavit of Merger recorded in Butts County, Georgia in Book 824, Page 374.

## EXHIBIT B

## PERMITTED EXCEPTIONS

1. Liens for taxes, assessments and other governmental charges which are not yet due and payable as of the date hereof.

2. All land use (including environmental and wetlands), building and zoning laws, regulations, codes and ordinances affecting the Real Property.

3. Any rights of the United States of America, the State of Georgia or others in the use and continuous flow of any brooks, streams or other natural water courses or water bodies within, crossing or abutting the Real Property, including, without limitation, riparian rights and navigational servitudes.

4. Title to that portion of the Real Property, if any, lying below the mean high water mark of abutting tidal waters.

5. All easements, rights-of-way, licenses and other such similar encumbrances of record.

6. All existing public and private roads and streets and all railroad and utility lines, pipelines, service lines and facilities.

7. All encroachments, overlaps, boundary line disputes, shortages in area, parties in possession, cemeteries and burial grounds and other matters not of record which would be disclosed by an accurate survey or inspection of the Real Property.

8. Prior reservations or conveyances of mineral rights or mineral leases of every kind and character.

9. Any loss or claim due to lack of access to any portion of the Real Property.

10. Any loss or claim due to any indefiniteness or uncertainty in the legal description of the Real Property.