# Exhibit J

eFiled & eRecorded
DATE: 6/6/2024
TIME: 10:10 AM
DEED BOOK: 01011
PAGE: 00918 - 00920
RECORDING FEES: $25.00
INTANGIBLE TAX: $0.00
PARTICIPANT ID: 7624002865
CLERK: Morgan V. Ward
Butts County, GA

PLEASE RETURN THIS DOCUMENT TO:
ALLEN L. LACEY, JR.
ATTORNEY AT LAW
P.O. BOX 356
COMMERCE, GA 30529

**CROSS-REFERENCE**

**Deed Book 992, Page 157;**
**Butts County, Georgia Records**

## MODIFICATION AGREEMENT

GEORGIA, BUTTS COUNTY

THIS AGREEMENT IS MADE AND ENTERED INTO THIS 4th DAY OF June, 2024, BY AND BETWEEN **BUTTS 1177, LLC**("GRANTOR") AND **JDS HOLDINGS, LLC** ("GRANTEE"), WITNESSETH THAT:

WHEREAS, by Security Deed dated May 22, 2023 recorded in **Deed Book 992, Page 157**, in the office of the Clerk of Superior Court of Butts County, Georgia, which by reference is incorporated herein, including the description contained in such deed, Grantor conveyed to Grantee certain real estate in Butts County, Georgia, briefly described as: 1,177.5 acres located on Rough Road, in Butts County, Georgia; to secure Grantor's payment of a concurrently dated promissory note in the amount of $2,355,000.00 and any extension and/or renewal thereof and any other indebtedness which Grantor might thenceforth owe Grantee: and

WHEREAS, Grantor now desires to renew and extend its remaining obligation on said note, all upon the security of the same Security Deed aforesaid,

NOW THEREFORE, the parties hereby covenant and agree and in consideration of the promises flowing between the parties and the renewal and/or extension of such indebtedness that:

1. The unpaid balance of Grantor's indebtedness heretofore secured by said Security Deed is $2,355,000.00 (which includes all late charges, delinquent interest and other fees and costs), after allowance of all refunds and credits in the circumstances due Grantor by virtue of OCGA § 48-6-65 and other provisions of Georgia law.

2. The original maturity date of the Security Deed was May 22, 2024, which was less than three (3) years after the date of the original Security Deed, and no intangible tax was due or paid at the time of recording of the original Security Deed.

3. The maturity dates of the notes as shown on said security deed are modified to be **July 19, 2024**.

4. Based upon the foregoing, including the new maturity date, no intangible tax is due, and none is hereby tendered.

5. The original security deed is modified to add the following language:

   *By execution hereof by the Grantor and acceptance hereof by the Grantee, the parties hereto hereby affirmatively state that they intend to create and establish a perpetual or indefinite security Interest in favor of Grantee in said property conveyed hereby pursuant to Official Code of Georgia Annotated ("O.C.G.A.") § 44-14-80(a)(1) or § 44-14-80(a)(2), as applicable,*

20022

*and agree that title to said property conveyed hereby shall not revert to Grantor until the expiration of the longest period of time permitted under whichever of said subsections as shall be applicable to this conveyance, or if later, the date determined in accordance with O.C.G.A. § 44-14-80(b) or § 44-14-80(c), as applicable, if any portion or all of the indebtedness secured hereby is extended or renewed.*

6. Grantor hereby acknowledges the correctness of all of the foregoing; and except as hereinabove expressly amended or modified, all of the terms of the original Security Deed shall remain unchanged and in full force and effect and are legally valid, binding, and enforceable in accordance with their respective terms. Consent by Lender to this Modification does not waive Lender's right to require strict performance of the Security Deed as changed above nor obligate Lender to make any future modifications. Nothing in this Modification shall constitute a satisfaction of the promissory note or other credit agreement secured by the Security Deed (the "Note"). It is the intention of Lender to retain as liable all parties to the Security Deed and all parties, makers and endorsers to the Note, including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, shall not be released by virtue of this Modification. If any person who signed the original Security Deed does not sign the Modification, then all signing below acknowledge that this Modification is given conditionally, based on the representation to Lender that the non-signing person consents to the changes and provisions of the Modification or otherwise will not be released by it. This waiver applies not only to any initial extension or modification, but also to all such subsequent actions.

7. This agreement shall not constitute a novation of the note, any security instrument, or any other documents. Grantor represents and warrants that there is no default under the terms of the note, or the other loan documents (the "Loan Documents") evidencing the existing indebtedness secured by the Security Deed, and that Grantor knows of no event that has occurred which, but for the passage of time or the giving of notice, would constitute an event of default under the terms of the Loan Documents. Grantor waives and releases Lender from any and all claims which Grantor may have against Lender, its agents and assigns, with respect to the Loan Documents and the Security Deed, whether such claims are known or unknown, or arise under contract or in tort.

8. The words "Grantor" and 'Grantee" whenever used herein shall include all heirs, executors, administrators, legal representatives, successors, and assigns of the parties hereto, and all those holding under either of them, and the pronouns used herein shall include, when appropriate, either gender and both singular and plural, and the word "Note" shall also include one or more notes and the grammatical construction of sentences shall conform thereto. If more than one party shall execute this document, the term "Grantor" shall mean all parties signing, and each of them, and each agreement and obligation of Grantor shall be and mean the several as well as joint undertaking of each of them.

**IN WITNESS WHEREOF**, the parties have executed and delivered these presents under their respective seals, Grantor hereby acknowledging receipt of a complete copy hereof.

**GRANTOR:**

**Butts 1177, LLC**

**By: Southern Consulting Services, Inc., Member**

By: ______________________(Seal)
Jeff R. Grant, Its Manager

**By: Golden Eagle Capital Investments, LLC, Member**

By: ______________________(Seal)
Jeff R. Grant, Its Manager and Individually

By: ______________________(Seal)
Benjamin M. Helms, Its Manager and Individually

______________________
Witness

______________________
Notary Public

ALLEN L. LACEY JR. NOTARY EXPIRES GEORGIA July 24, 2024 PUBLIC JACKSON COUNTY