# Exhibit P

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
SUCV2025002425
DR
NOV 21, 2025 03:18 PM
Sabriya Hill, Clerk
Henry County, Georgia

**IN THE SUPERIOR COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

ECHELON ESTATE LLC, a Georgia limited liability company, Individually and in the right of LOWER WOOLSEY HENRY 780, LLC a Georgia limited liability company,

Plaintiff,

v.

JEFFERY R. GRANT, QIN MENG, SOUTHERN CONSULTING SERVICES, INC., SOUTHERN PROPERTY INVESTMENT GROUP, LLC, GOLDEN EAGLE CAPITAL INVESTMENTS, LLC, GOLDEN EAGLE ENTERPRISES, TIM HO WAN, LLC, ANDREW NEUMANN, and BENJAMIN M. HELMS,

Defendants.

CIVIL ACTION
FILE NO. SUCV2025002425

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS**
**EMERGENCY MOTION TO STRIKE DEFENDANTS' PLEADING**

A.

SCS HAS NO RIGHT TO FILE A PRO SE PLEADING IN THIS MATTER

Tacitly conceding that their attempt to oust Kel Holding Properties LLC ("Kel"), as a manager of Echelon Estate LLC ("Echelon") (see the Grant Defendants' Motion to Dismiss and Plaintiff's responses thereto as contained Plaintiff's Supplemental Brief filed November 13, 2025), is meritless, the Grant Defendants, through Defendant Southern Consulting Services, Inc. ("SCS") have taken the remarkable action of filing with the Clerk of this Court, in Plaintiff's name, **a pro se** dismissal of this lawsuit without leave of Court. Such action by a corporation, especially one

represented by counsel in this matter, is a nullity. SCS is represented by counsel in this matter, but for some reason it filed the dismissal without counsel. As a corporation, SCS is not authorized to file any pleadings or take any action before this Court without counsel. Eckles v. Atlanta Technology Group, Inc., 267 Ga. 801(HN 2)(1997). For this procedural reason alone, the dismissal is a nullity and should be stricken of record.

B.

DEFENDANTS ARE BARRED BY THE CONFLICT OF INTEREST RULES OF THE LIMITED LIABIITY ACT FROM DISMISSING PLAINTIFF'S COMPLAINT

At the aborted hearing on the Grant Defendants' Motion to Dismiss held on November 17, 2025, the justification given by the Grant Defendants for this extraordinary action was that even if Kel is still a manager of Echelon, Southern Consulting Services, Inc.("SCS") is also a manager of Echelon and therefore has the authority to cause Echelon dismiss the lawsuit.

This argument is as meritless as the arguments raised in the motion to dismiss. Specifically, the Grant Defendants ignore the conflict of interest rules for limited liability managers as set forth in O.C.G.A. §14-11-307.

O.C.G.A. §14-11-307(d) provides that a manager's action respecting a conflict of interest transaction is effective if "the transaction received the approval of a majority of those **qualified … managers** who express approval or disapproval of the transaction … ." A "qualified manager" for purposes of O.C.G.A. §14-11-307(d) is defined in O.C.G.A. §14-11-307(g) as any "manager **who does not have … a conflicting interest respecting the transaction**".

The term "conflicting interest" is defined at O.C.G.A. §14-11-101(c) as the interest a manager of the limited liability company has respecting a transaction effected or proposed to be effected by the limited liability company…if to the knowledge of the manager at the time of

commitment, he or she or a related person is a party to the transaction **or has a beneficial financial interest in or so closely linked to the transaction and of such financial significance to the manager or a related person that it would reasonably expected to exert an influence on the manager's judgement if he or she were called upon to vote on the transaction**." (Emphasis Added)

The decision to file this lawsuit or to dismiss same presents SCS and its President, Jeffery Grant, with the classic "conflicting interest" scenario as defined in O.C.G.A. §14-11-0101(c). SCS and Grant are accused, along with the other Defendants, of engaging in a conspiracy to misappropriate millions of dollars from Echelon's subsidiary Lower Woolsey Henry 780, LLC ("LWH"). Due to this conflict SCS is not a "qualified manager" of Echelon who would be entitled to make any decisions regarding the prosecution or dismissal of this lawsuit. This decision could only be made by Kel, which, as the sole manager without a conflict on this issue, is the sole "qualified manager" authorized to make any decisions regarding the initiation or dismissal of this lawsuit.

SCS and Grant are attempting to use SCS's powers as a manager of Echelon to keep Echelon from prosecuting a lawsuit against them arising out of their misappropriation of LWH's assets. A more obvious conflict of interest is hard to conceive. Due to this "conflicting interest", SCS is barred by O.C.G.A. 14-11-307(c), (d), (f) and (g) from participating in such a decision. The only manager empowered to make this decision if the manager which does not have the conflicting interest, Kel.

The actions by SCS in directing Echelon to dismiss Echelon's lawsuit against SCS is a nullity and Echelon was therefore not empowered to file the dismissal.

C.

DEFENDANTS' DISMISSAL OF
THIS LAWSUIT VIOLATES O.C.G.A. §14-3-804

The Grant Defendants' dismissal of Plaintiff's lawsuit is also a nullity as such dismissal is in violation of O.C.G.A. §14-3-804, which provides that unless otherwise provided, in the LLC's operating agreement to article of organization (no such exceptions are contained in LWH's operating agreement or articles of incorporation) "a derivative action may not be discontinued or settle without the court's approval". No such approval has been granted in this case. For this additional reason, SCS's attempt to dismiss this lawsuit is a nullity.

Based on the above, Plaintiff moves the Court for an emergency order striking the dismissal of this lawsuit filed by SCS on behalf of Plaintiff on November 17, 2025.

Respectfully submitted this 21st day of November 2025.

RICHARD J. DREGER, ATTORNEY AT LAW, P.C.

/s/ Richard J. Dreger
Richard J. Dreger
Georgia Bar No. 229680
Attorney for Plaintiff Echelon Estate LLC, a Georgia limited liability company, Individually and in the right of Lower Woolsey Henry 780, LLC, a Georgia limited liability company

295 W. Crossville Road
Building 100, Suite 110
Roswell, Georgia 30075
678-566-6901
rick@rdregerlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **Plaintiff's Brief in Support of its Emergency Motion to Strike Defendants' Pleading** by serving a copy of the foregoing to the Clerk of the Court using the eFiling system with PeachCourt via STATUTORY ELECTRONIC SERVICE, properly addressed to the following counsel of record to ensure delivery to:

Beth E. Rogers, Esq.
Rogers Law Offices
Email: distribution@berlawoffice.com
Counsel of record for Defendant Jeffery R. Grant,
Defendant Southern Consulting Services, Inc.,
Defendant Southern Property Investment Group, LLC,
Golden Eagle Capital Investments, LLC and
Benjamin M. Helms

This 21st day of November 2025.

RICHARD J. DREGER, ATTORNEY AT LAW, P.C.

/s/ Richard J. Dreger
Richard J. Dreger
Georgia Bar No. 229680
Attorney for Plaintiff Echelon Estate LLC, a Georgia limited liability company, Individually and in the right of Lower Woolsey Henry 780, LLC, a Georgia limited liability company

295 W. Crossville Road
Building 100, Suite 110
Roswell, Georgia 30075
678-566-6901
rick@rdregerlaw.com